**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.:** 1:25-cr-20438-DPG

UNITED STATES OF AMERICA,

v.

JAVIER GARCIA-MORA,

     Defendant.

_____/

**DEFENDANT JAVIER GARCIA-MORA'S**
**MOTION FOR DOWNWARD VARIANCE**

COMES NOW, Defendant JAVIER GARCIA-MORA, through counsel, and hereby moves for a 24-month downward variance pursuant to 18 U.S.C. § 3553(a).

1.      On March 17, 2026, Defendant Garcia-Mora pled guilty to Count 1 of a 6-count Superseding Indictment. Count 1 charged the defendant with conspiracy to distribute and possess with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 846. [D.E. 258, p.5]

2.      Beyond the fact that Mr. Garcia-Mora has no scorable criminal history and no known history of violence, the PSR makes clear that he was raised in a large low-income household in Mexico [D.E. 258, p.18] and has since maintained a record of consistent employment as a cattle and avocado farmer and truck driver [D.E. 258, p.19], in addition to playing an important role in providing support for his family[1] and having provided support for his two (2) now-adult children [D.E. 258, p.18].

---

[1] Attached to this motion as Compositive Exhibit 1 is a set of original and translated letters from family members who attest to Mr. Garcia-Mora's hardworking nature and history of providing support and assistance for different family members.  Composite Exhibit 2 is a set of photographs of Mr. Garcia-Mora's family and family residence and images from Mr. Garcia-Mora's work as a farmer in Mexico.

3.      As a valid sentencing mitigator under 18 U.S.C. § 3553(a), the court may consider – under the category of "personal circumstances and individual history" – a defendant's stable work history and role in providing support for family members and the household in general. *See, e.g., United States v. Varela*, 2021 WL 3732267, at *3 (11th Cir. 2021); *see also United States v. Julien*, 749 Fed.Appx. 941, 942 (11th Cir. 2018) (noting that "family and community support" is a valid mitigator under 18 U.S.C. § 3553(a)).

4.      The Defense also urges the Court to take into account Mr. Garcia-Mora's lack of scorable criminal history and lack of any history of violence as a separate mitigating 3553(a) factor. *See Gall v. United States*, 552 U.S. 38, 57, 128 S.Ct. 586, 601 (2007) (suggesting that a modest or limited criminal history can, by itself, be taken as a sentencing mitigator under 3553(a)).

5.      In light of the foregoing sentencing mitigators, which the Defense believes outweigh any aggravators, Mr. Garcia-Mora now moves for a 24-month downward variance, which would result in a prison sentence of 46 months.

6.      In support of this motion, the Defense notes that 18 U.S.C. § 3553(a) requires district courts to impose a sentence "sufficient, but not greater than necessary," to comply with the four purposes of sentencing set forth in Section 3553(a)(2).  While Mr. Garcia-Mora should receive a sentence that is as long as necessary to deter him from future criminal behavior, the sentence should also be no longer than necessary, and the net weighing of the 3553(a) factors counsels in favor of leniency.

7.      The Defense also notes that "a district court may not presume that the range produced by application of the Sentencing Guidelines is reasonable ... [and] must consider the

factors set out in 18 U.S.C. § 3553(a)." *United States v. Hayes*, 762 F.3d 1300, 1306 (11st Cir. 2014).

8.      Accordingly, in light of Mr. Garcia-Mora's consistent employment and role as a supportive family member, particularly his history of providing support for his children, and when considered in combination with his modest criminal history, a finding of net mitigation is appropriate, and the Defense submits that a sentence of 46 months is more than sufficient, and that a more severe sentence would not be necessary to enforce the legislative intent of 18 U.S.C. § 3553(a).

WHEREFORE, Defendant Javier Garcia-Mora respectfully requests that this Court GRANT this motion.

Respectfully submitted,

ROGER CABRERA, P.A.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2000
Miami, Florida 33131
Telephone:      (305) 823-8383
Facsimile:      (305) 675-7970
Email:          roger@cabrera.legal

By:      ___*/s/ Roger Cabrera*_____
         ROGER CABRERA, ESQ.
         Florida Bar No. 0148740

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 19th day of May 2026, a true and correct copy of the foregoing was uploaded via the CM / ECF case filing system and thereby delivered to all parties and counsel of record.

   */s/ Roger Cabrera*_____
ROGER CABRERA, ESQ.